```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KERRY J. DAVIDSON, ESQ.                         :
c/o Law Office of Kerry J. Davidson, LLC
                                                :
                Plaintiff,
                                                :
        -against-                                       MEMORANDUM AND ORDER
                                                :
DAPHNE T. CHISOLM, ESQ.                              21-CV-656 (PGG) (KNF)
                                                :
                Defendant.
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a letter-motion dated May 25, 2021, the defendant requested "permission to file, under seal, Motions to Seal the Complaint and to Permit Filing of Responsive Pleadings under Seal" because the complaint contains "allegations which, if true, would clearly constitute client confidences under Rule 1.6 of the Rules of Professional Conduct, and which would be protected by attorney-client privilege; many of them, if they should become widely disseminated, would likely be embarrassing or detrimental and could cause significant harm to the Defendant." Docket Entry No. 14. The plaintiff consents to the relief requested in the defendant's letter-motion. Thereafter, the defendant filed an amended letter-motion to correct a typographical error. See Docket Entry No. 15.

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). The common law and the First Amendment rights to public access to judicial documents each requires the movant in this circuit to establish that certain conditions are met warranting sealing. See United States v. Erie Cty., N.Y., 763 F.3d 235, 238–39 (2d Cir. 2014).

1

The defendant failed to make citation to any legal authority in support of its request for "permission to file, under seal, Motions to Seal the Complaint and to Permit Filing of Responsive Pleadings under Seal."  Although the defendant asserts that "many" allegations in the complaint "would be protected by attorney-client privilege," the defendant failed to identify any ground for filing under seal the defendant's anticipated "Motions to Seal the Complaint and to Permit Filing of Responsive Pleadings under Seal."  Accordingly, the defendant's letter-motion, Docket Entry No. 14, and the amended letter-motion, Docket Entry No. 15, are denied.

Dated:  New York, New York
        May 26, 2021

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE